THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK *v.* JAMES BRETT AND JOHN PETTIGREW.

An action against the sureties upon the official bond of a constable of the city of
New York, given pursuant to the requirements of § 147 of 2 Revised Laws
of 1813, (p. 397), to recover for a wrongful act done by the constable in his offi-
cial capacity; must be prosecuted in the name of the mayor, aldermen and com-
monalty of the city of New York.

The bond being given to the mayor, &c., of New York, for the benefit of any per-
son aggrieved by the official misconduct of the constable, they are "trustees of
an express trust" within the meaning of § 113 of the Code, and may sue without
joining with them the person for whose benefit the suit is prosecuted.

In such an action it is not necessary for the plaintiff to show, at the trial, that leave
of the court has been obtained to prosecute the bond.

If such leave has not been obtained, the omission can only be taken advantage of by the defendant, by a motion to the court to set aside the proceedings in the action.

*Quere*,—whether this motion can be made after a trial and verdict ?

AT SPECIAL TERM, *June* 27, 1859.

Trial before a judge, by consent of parties, without a jury. The action was brought against the defendants as sureties upon a constable's bond, given to the mayor, aldermen and commonalty of the city of New York, pursuant to the provisions of section 147 of " An act to reduce several laws relating particularly to the city of New York," passed April 9, 1813. (See 2 Revised Laws, 397 ; also Davies' Laws relative to the city of New York, 518.) At the trial a judgment record was produced, showing a recovery against the constable for a wrongful act done by him in his official capacity ; also that an execution issued thereon had been returned wholly unsatisfied. The plaintiffs then rested ; whereupon the defendants' counsel moved to dismiss the complaint upon the ground that the action should have been brought in the name of the plaintiffs in the judgment, they being the real parties in interest, and also that because it did not appear that this court had granted leave to prosecute the bond in suit.

*James Geddes Day*, for the plaintiffs.

*William C. Carpenter*, for the defendants.

DALY, First Judge.—The only point arising in this case is, whether the action should have been brought in the name of the real parties in interest; and whatever doubts may have existed on that point heretofore, they are set at rest by the decision of the Court of Appeals in the *People* v. *Norton*, 5 Seld. 176. It was held in that case that an action upon a bond, given by a trustee and his surety to the people of this state, for the benefit of certain parties interested in the estate of which the defendant was trustee, was properly brought in the name of the people, and

there is nothing in principle to distinguish that case from the present.

If leave of the court to prosecute the bond had not been obtained before the commencement of the suit, the defendants' remedy was by motion to the court to set aside the proceedings. The plaintiffs were not bound to show upon the trial that they had obtained the leave of the court, and the want of proof of that fact constituted no ground for a non-suit. The plaintiffs are entitled to judgment.

Ordered accordingly.

Upon consultation, all the judges concurred in this opinion.*

---

* See *The Mayor, &c., of N. Y.* v. *Doody*, 4 Abbott Pr. R. 127 ; *Davis* v. *Kruger*, 4 E. D. Smith, 350.